﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190410-9561
DATE: December 31, 2019

ORDER

Entitlement to service connection for irritable bowel syndrome (IBS) is denied.

Entitlement to service connection for asthma is denied.

Entitlement to service connection for gall bladder removal (cholecystectomy) is denied.

Entitlement to service connection for gastroesophageal reflux disease (GERD) is denied.

Entitlement to service connection for gastroparesis is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that IBS began during active service or is otherwise related to an in-service injury or disease. 

2. The preponderance of the evidence is against finding that asthma began during active service or is otherwise related to an in-service injury or disease.

3. The preponderance of the evidence is against finding that gall bladder removal occurred in active service or is otherwise related to an in-service injury or disease.

4. The preponderance of the evidence is against finding that GERD began during active service or is otherwise related to an in-service injury or disease.

5. The preponderance of the evidence is against finding that gastroparesis began during active service or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for IBS are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for asthma are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for gallbladder removal are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

4. The criteria for service connection for GERD are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for gastroparesis are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active service from May 1983 to May 1987.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Board is honoring the Veteran's choice to participate in VA's Rapid Appeals Modernization Program (RAMP).

The Veteran selected the Supplemental Claim lane when she submitted the RAMP election form in May 2018, which affords her 30 days to submit additional evidence or to notify VA of evidence that VA could assist in gathering. The Veteran timely appealed an April 2019 RAMP rating decision to the Board.

In the April 2019 rating action, the RO issued favorable findings that new and relevant evidence had been received sufficient to reopen the claims for service connection in this decision. These service connection claims are addressed in the remand section below.

1. Service connection for IBS

2. Service connection for asthma

3. Service connection for gall bladder removal (cholecystectomy)

4. Service connection for GERD

5. Service connection for gastroparesis

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

Certain chronic diseases are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a).

The analyses below focus on the most salient and relevant evidence and on what this evidence shows or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran.

Initially, the Board notes that the Veteran’s service treatment records are unavailable. In a September 2014 letter, VA notified the Veteran that her service treatment records could not be located, and she was requested to submit any available evidence in support of her claims to include copy of her service treatment records. O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). The Board also notes that a military personnel record from September 1987 includes a notation that the Veteran had her medical and dental service treatment record but had not returned them. The RO has requested the Veteran provided these records, but she reports she does not have them.

The Board acknowledges that the lack of in-service records makes it more difficult to prove her case, but there are other avenues of providing evidence than just service treatment records. Here, for example, the Veteran has provided the statements from her family member and former spouse that she had symptoms of the disabilities on appeal during active service. However, the Veteran’s claim fails ultimately in that there are no competent medical opinions of record that suggest that the conditions on appeal are related to service. 

A review of the medical evidence of record shows that the Veteran has provided a prescription medication list that shows her prescription history starting in 2002 up until the present day.

In an August 2013 private treatment letter, Dr. F.W. reports that the Veteran was first treated in 2002 for GERD and IBS. Dr. F.W. noted a history of a cholecystectomy in October 2010 and a diagnosis of gastroparesis in June 2012. 

In a September 2013 private treatment letter, Dr. E.H., reports that the Veteran has been a patient since 2002, where she presented with a history of IBS and asthma since 8 years earlier (1994). Dr. E.H. also noted that gastroparesis dated back to 1994. Dr. E.H. reported that it was very likely that these diagnoses predated 1994 and could be traced back to her time in the military from 1983 to 1987. 

A May 2017 additional private treatment letter from Dr. E.H. reports that the Veteran was first a patient in 2008. Dr. E.H. noted the Veteran’s reports of asthma in 1984 during active service. Dr. E.H. reported that for the last 9 years the Veteran has been treated for breathing difficulties due to asthma. Dr. E.H. reported, after reexamining the Veteran and reviewing the medical records, that it was as likely as not that the asthma was related to active service.

The Veteran has also submitted numerous lay statements from herself, former spouse, and family members that assert she had symptoms of the disabilities on appeal during her active service. 

After a review of the evidence of record, the Board finds that the preponderance of the evidence weighs against the claims on appeal. While the service treatments are missing, the Board finds that the gap in time between separation from service and when she first sought treatment for these conditions after service is probative that the conditions did not first onset in-service. Additionally, the Board notes that the letters submitted by the Veteran’s private physicians note that the Veteran reported a past medical history of the conditions beginning at the earliest in 1994 with no reports that these condition onset during service. In this case, the evidence of record shows a gap of treatment from 1987 until 2002. A 15-year gap in medical treatment (or even, as the Veteran reported a 7 year gap from 1987 to 1994) does not provide sufficient information about whether the Veteran continually experienced symptoms since separation from service. Moreover, such a significant period of time without complaint or treatment for the claimed disability weighs against finding that the Veteran’s current conditions are related to her reports of in-service injury. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000) (proper to consider the veteran’s entire medical history, including the lengthy period of absence of complaint with respect to the condition now raised). 

The Board also notes that the Veteran did not claim that symptoms of her disabilities disorder began in, or soon after, service until she filed her current VA disability compensation claim in 2013, more than 25 years after separation from service. Such statements made for VA disability compensation purposes are of lesser probative value than his previous more contemporaneous in-service histories and his previous statements made for treatment purposes. See Pond v. West, 12 Vet. App. 341 (1999) (although Board must take into consideration the veteran’s statements, it may consider whether self-interest may be a factor in making such statements). The Board reiterates that both of the Veteran private physicians remarked that the Veteran initially reported onset of symptoms of the disabilities on appeal at the earliest in 1994 which is 7 years after service. This too weighs against the Veteran’s claims.

The Board has weighed the Veteran’s private physician’s nexus statements of record, specifically, the letters from Dr. E.H. Dr. E.H. reported that the Veteran’s IBS and asthma disabilities could have onset back to active service. However, Dr. E.H.’s opinion relies on the Veteran’s reports of onset of the conditions in service. In this regard, the Board notes that the Veteran also asserted that she first sought treatment in 1994 and that in 2013 she reported the incident onset during active service in the mid-1980s. The Board finds that the Veteran’s reports of onset of her disabilities are inconsistent with the evidence of record and that therefore the probative value is Dr. E.H.’s nexus opinion is negligible.

The Board also notes that the Veteran sought treatment for her disabilities at issue in this appeal in 2002. At that time, the private physician letters show that the Veteran reported her disabilities onset in 1994, which was not during her active service. Additionally, the Veteran submitted a prescription medication list that shows she was first treated for these disabilities in 2002 which is consistent with the other evidence of record. The Board notes that statements made to medical providers regarding her medical history in 2002 solely for treatment purposes are inherently more credible than those made in conjunction with a claim for disability compensation benefit. See Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care).

With regard to the Veteran’s own contentions, and the lay statements from her family, although lay persons are competent to provide opinions on some medical issues [see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011)], as to the specific issue in this case, they fall outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Veteran is claiming service connection for GERD, asthma, IBS, gallbladder removal, and gastroparesis, and these are not the types of conditions that are readily amenable to mere lay diagnosis or probative comment regarding their etiology. Given the foregoing, the Board finds that the medical evidence outweighs the appellant’s contentions and the other lay statements of record, to the effect that the Veteran has the claimed condition due to her service. Madden v. Gober, 125 F. 3d 1477, 1481 (Fed. Cir. 1997).

Therefore, the Board finds that the weight of the competent evidence does not attribute the Veteran’s claimed disabilities of GERD, asthma, IBS, gallbladder removal, and gastroparesis to active service despite her contentions to the contrary. In reaching the above conclusion, the Board also considered the doctrine of reasonable doubt, including its heightened duty as a result of missing service treatment records. 38 U.S.C. § 5107 (b) (West 2014). However, as the most probative evidence is against these claims, the doctrine is not applicable in this case. See also, e.g., Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Dworkin, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.